UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY DELLUMO, and <br> DEBORAH DELLUMO, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | CASE NO. 2:07-CV-077 TLS |
| RACHEL A. GREINER, and <br> GREINER LANDSCAPING | ) <br> ) <br> ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

This matter comes before the Court on Defendant Greiner Landscaping's Motion for Summary Judgment, filed on July 16, 2007 (DE 18). The Plaintiffs filed their Complaint on March 12, 2007. The Complaint states an action for damages for injuries allegedly sustained by the Plaintiffs as a result of the Defendants' negligence in an October 17, 2006, automobile accident. The Plaintiffs responded to the Motion for Summary Judgment on July 26, 2007, informing the Court "that plaintiffs have no objection to the granting of Greiner Landscaping's Motion for Summary Judgment." (DE 21.)

For the reasons stated below, Defendant Greiner Landscaping's motion is GRANTED.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. "In other

words, the record must reveal that no reasonable jury could find for the nonmoving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). After adequate time for discovery, summary judgment must be given against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party may, if it chooses, support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982); *Faulkner v. Baldwin Piano & Organ Co.*, 561 F.2d 677, 683 (7th Cir. 1977).

Once a properly supported motion for summary judgment is made, the non-moving party

cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Federal Rule of Civil Procedure 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Juarez v. Ameritech Mobile Commc'ns, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992). Only material facts will preclude summary judgment; irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Anderson*, 477 U.S. at 248–49. If there is no genuine issue of material fact, the only question is whether the moving party is entitled to judgment as a matter of law. *Miranda v. Wisc. Power & Light Co.*, 91 F.3d 1011, 1014 (7th Cir. 1996).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). However, under Northern District of Indiana Local Rule 56.1(b), the Court is to assume that the facts claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent such facts are controverted in a "Statement of Genuine Issues" filed in opposition to the motion and supported by admissible evidence. A court's role is not to evaluate

the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443.

**FACTS**

The only facts relevant to this motion are those related to the issue of whether there is any basis for "the derivative liability of Greiner Landscaping for the negligence attributed to Defendant Rachel Greiner[.]" (Mem. in Supp. of Mot. for Summ. J. 2, DE 19.) Because the Plaintiffs have not controverted any of Greiner Landscaping's facts related to this issue, the Court assumes those facts supported by admissible evidence to be true pursuant to Northern District of Indiana Local Rule 56.1(b).

The Plaintiffs allege that Defendant Rachel Greiner negligently operated a 2001 Saab on October 17, 2006, and collided with the Plaintiffs' 1996 Chevrolet Suburban. (Compl. 2, DE 1.) The 2001 Saab was not owned by Greiner Landscaping, nor was Rachel Greiner an employee of Greiner Landscaping at any time relevant to the accident.

**ANALYSIS**

The Plaintiffs' Complaint asserts a *respondeat superior* theory against Greiner Landscaping. To prevail on a *respondeat superior* theory under Indiana law, the Plaintiff must establish that there was an employment relationship between Rachel Greiner and Greiner Landscaping. *See Warner Trucking, Inc. v. Carolina Cas. Ins. Co.*, 686 N.E.2d 102, 104 (Ind. 1997). Because the parties agree, and there is admissible evidence to support the agreement, that Greiner Landscaping did not employ Rachel Greiner at the time of the accident, nor did it own

4

the 2001 Saab, the Plaintiffs' claims against Greiner Landscaping must fail. Because there is no genuine issue of material fact, and Greiner Landscaping is entitled to judgment as a matter of law, this Court grants Greiner Landscaping's motion.

## ORDER

Defendant Greiner Landscaping's Motion for Summary Judgment (DE) 18 is GRANTED.

SO ORDERED on August 30, 2007.

          s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION